*Compiler of Law / Law Library*

## IN THE SUPERIOR COURT OF GUAM

ENDYMION M. CHEN and NAMI CHANG,

        Plaintiffs,

    vs.

PACIFIC PRESBYTERIAN CHURCH,

        Defendant.

**CIVIL CASE NO. CV0130-12**

**DECISION & ORDER ON DEFENDANT'S MOTION TO DISMISS**

This matter came before the HONORABLE VERNON P. PEREZ on October 26, 2012 on Defendant's Motion to Dismiss. Attorney Phillip Torres represented Defendant. Attorney Charles McDonald represented Plaintiffs. The Court took the motion under advisement. After having heard the Parties' arguments and considering the Parties' pleadings, the Court now issues the following Decision and Order.

## BACKGROUND

Plaintiffs Endymion M. Chen and Nami Chang (hereinafter "Plaintiffs") filed a Verified Complaint for Judicial Foreclosure on January 24, 2012. Without answering, Defendant Pacific Presbyterian Church (hereinafter "Defendant") filed a Motion to Dismiss on February 24, 2012. The subject matter of this case has already been decided by Judge Barcinas in CV0516-09. This Decision and Order will address all outstanding motions in this case.

## DISCUSSION

### I.    Standard for Motion to Dismiss

Defendant moves this Court to dismiss the Plaintiffs' claims pursuant to Rule 12(b)(6) of the Guam Rules of Civil Procedure. This provision provides that "every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ...(6) failure to state a claim upon which relief can be granted." GRCP Rule 12(b)(6).

*Chen and Chang v. Pacific Presbyterian Church,*
Decision and Order
Civil Case No. CV0130-12        - Page 1 of 4 -

Under Rule 12(b)(6), the facts in the complaint are presumed to be true, and the complaint is liberally construed in favor of the plaintiff. *See Abramson v. Brownstein*, 897 F.2d 389 (9th Cir. 1990). "The Rule 12(b)(6) motion...only tests whether the claim has been adequately stated in the complaint." Wright & Miller, Federal Practice and Procedure: Civil 2d § 1356 p. 298. "Thus, on a motion under Rule 12(b)(6), the Court's inquiry essentially is limited to the content of the complaint." *Id.* The Court should not dismiss the complaint merely because the Court doubts that a plaintiff will prevail in the action. *See Id.* p. 340. Furthermore, the purpose of a 12(b)(6) motion is to assess the legal feasibility of the complaint, not to weigh the evidence which the plaintiff offers or intends to offer; the motion should not be granted on the ground that possibility of ultimate recovery is remote. *See Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F.Supp. 1314 (S.D.N.Y. 1989). Generally, a motion to dismiss should be disfavored and doubts should be resolved in favor of the pleader. *See Williams v. Gorton*, 529 F.2d 668 (9th Cir. 1976). However, should the complaint fail to state a claim, dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996)(overruled on other grounds).

## II. *Res Judicata*

Defendant contends that the relevant issues have already been decided in a different case involving the same parties in interest. Defendant further argues that the motion should be granted because the Court has no jurisdiction to adjudicate internal church matters and the mortgages Plaintiffs maintain over Defendant do not encumber the property that would allow foreclosure. Defendant finally argues that the Plaintiffs filed a new civil case instead of appealing the decision in the original matter. Defendant claims that the principles of *res judicata* prevent the Court from entertaining the merits of the Plaintiffs' claims.

The Plaintiffs object to dismissal by arguing that the previous judgment was in the Plaintiffs' favor so that dismissal would not be warranted. Plaintiffs filed this action to allow foreclosure after the award was issued in the previous case. Plaintiffs also argue that a claim for *Quantum Meruit Lien* will allow for the recovery Plaintiffs seek in this case.

The Court has reviewed the Motion to Dismiss and the Plaintiffs' Opposition as well as the accompanying exhibits. The Court concludes that based on the principles of *res judicata* put forth under Title 6 of the GCA Section 4210, dismissal is appropriate. In CV0516-09, Judge Barcinas decided on the specific issues of whether the mortgages held by Plaintiffs created valid liens encumbering the property at issue. The Parties in that previous decision are identical and the subject matter of the case is identical, thus, this Court is not able to grant the relief Plaintiffs request in the verified complaint. The Court believes that the appropriate action for the Plaintiffs in this case would be to appeal the judgment made by Judge Barcinas in CV0516-09 or seek enforcement in the original case.

III.     **Failure to Acquire Final Judgment**

Essentially, the Plaintiffs hope to create a judgment lien and foreclose on Defendant in this case. To be successful in that claim, a judgment must be a final determination. 7 GCA § 21101. The decision in CV0516-09 is currently on appeal and is not final. *See* CVA11-022. As a result, the Plaintiffs may not maintain this action until the Supreme Court rules on that appeal.

Without discussing the intentions behind filing this case, the Court does not believe it is the proper Court to rule on Plaintiffs' desired liens. Judge Barcinas entered judgment in the Plaintiffs' favor and that Court is the proper venue to request enforcement of that judgment. This Court would not be able to rule on the Plaintiffs' causes of action where Judge Barcinas remains the Court in an active case. It is possible that any ruling on the merits of this case in the future could contradict the judgment entered by Judge Barcinas. Furthermore, neither Party indicated to the Court at the October 26, 2012 hearing, that CV0516-09 is currently on appeal. The Complaint in this case was filed on January 24, 2012. The appeal in CV0516-09 was filed on December 16, 2011. If the Court made any determination on the merits of this case before that appeal is decided, that decision would be subject to serious error.[1] The proper action in this case if it was not dismissed would be to stay proceedings until the judgment is final. In any

---

[1] In the event that Judge Barcinas did rule that the Plaintiffs' liens are not foreclosable, the filing of the Complaint in this case could appear to be a form of judge shopping. The Court, here, did not come to a conclusion about the liens the Plaintiffs maintain against Defendant. Thus, the Court will not assume any improper intentions. The Court would also hope that all parties indicate when decisions are on appeal involving nearly identical subject matter and parties in order to prevent potential contradicting judgments in the future.

*Chen and Chang v. Pacific Presbyterian Church,*
Decision and Order
Civil Case No. CV0130-12                      - Page 3 of 4 -

event, the proper action that the Plaintiffs should have taken would be to enforce the judgment via lien or foreclosure in CV0516-09 with Judge Barcinas after final judgment. This Court does not desire to step on the toes of any brother Court. The Plaintiffs' Complaint must be dismissed.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss is GRANTED.

So ORDERED this 14th day of November, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

/ /

/ /

/ /